**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:     Ernest Ray Koonce v. Wells Fargo Bank, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of April 1, 2005, Asset Back Pass-Through Certificates, Series 2005-WHQ

Appellate case number:   01-15-00228-CV

Trial court case number:  2010-64752

Trial court:             127th Judicial District Court of Harris County

The Court has directed me to notify you, because you are a *pro se* appellant, that the appellees have moved to dismiss your appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). The appellant appears to be attempting to appeal from a non-appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

This Court only has jurisdiction over final, appealable judgments or appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)-(12) (West Supp. 2014); *see also Lehmann*, 39 S.W.3d at 200. The trial court's order, signed on February 17, 2015, granting the appellees-defendants' motion for new trial and motion to reconsider appellant-plaintiff's motion to dismiss and plea to the jurisdiction, appears to be a non-appealable interlocutory order because it does not fall under any of the authorized orders that are appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)-(12).

Although appellant's notice of appeal indicated that he filed a motion in the trial court requesting permission to file the interlocutory appeal, it stated that the trial court had not yet ruled on the motion. To the extent that appellant intended that his notice of appeal be construed as a petition for permissive appeal, the petition does not comply with the applicable rules, namely that it does not attach a copy of the trial court's order granting permission to appeal in that order. *See* TEX. R. APP. P. 28.3(a), (e)(2) & Notes and Comments; TEX. R. CIV. P. 168 ("Permission must be stated in the order to be appealed."); *see, e.g., Indemnity Ins. Co. of N. Am., et al. v. Helix Energy Solutions*

*Group, Inc.*, No. 01-13-00222-CV, 2013 WL 1932140, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (dismissing appeal for want of jurisdiction for lack of order granting permission).  On April 14, 2015, the appellees' motion to dismiss the appeal attached the trial court's February 17, 2015 order granting appellees' motion for new trial, but that order did not grant appellant permission to appeal that order.  Without a petition containing the trial court's interlocutory order granting permission to appeal that order, this Court lacks jurisdiction to consider a petition for permissive appeal.  *See* TEX. R. APP. P. 28.3(a)-(b), (e); TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(d), (f).  If the interlocutory order to be appealed has been amended by the trial court in response to an appellant's motion to include the court's permission to appeal that order, the 15-day deadline to file a petition for permissive appeal with this Court will run from the date the amended order is signed.  *See* TEX. R. APP. P. 28.3(c); TEX. R. CIV. P. 168 ("An order previously issued may be amended to include such permission.").

Accordingly, the Court has directed me to notify you that, unless the appellant files a response to the motion to dismiss providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over the notice of appeal, such as by including any amended order by the trial court granting permission to appeal that order, the appellees' motion to dismiss this appeal for lack of jurisdiction will be granted.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  Any response must be filed **within 10 days of the date of this notice**.

Clerk's signature: _____

Clerk of the Court

Date:  April 30, 2015